# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KELVIN J. ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV412-292 |
| | ) | |
| UNIVERSAL MUSIC GROUP, UNIVERSAL MOTOWN RECORDS, UNIVERSAL MOTOWN, and UNIVERSAL REPUBLIC RECORDS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, who alleges that defendants illegally used his copyrighted music, seeks leave to proceed *in forma pauperis* ("IFP") in this intellectual property case. (Doc. 2.) He has filed multiple copyright infringement suits over the last several years, most of which have been denied as frivolous for failure to register the copyright to his music prior to filing suit. *See Robbins v. Universal Motown*, No. CV412-208 (S.D. Ga. Sept. 11, 2012) (collecting cases where Robbins had failed to register his copyright prior to suit and recommending dismissal for the same). The Court imposed a $100 frivolity bond requirement upon the filing of any further suits. *Id.*

In his latest copyright infringement action, Robbins has posted the required frivolity bond and has pled that he validly registered his music prior to filing suit. (Doc. 1.) This is the second occasion on which he has posted that bond. *See Robbins v. Raymond*, No. CV411-193 (S.D. Ga. July 31, 2012). While he once again asserts that he is utterly destitute and has not been employed since 2009, he also represents that his mother is dependent *on him* for her support. (Doc. 2 at 2.) The fact that he is supporting his mother and has twice paid the frivolity bond leads to the Court to suspect that he has the ability to pay the filing fee, or some substantial portion of that fee, and thus may not be entitled to proceed IFP.

Therefore, within 14 days from the date of this Order, Robbins shall disclose to the Court the following information:

(1) The source of the $100 that he posted as his frivolity bond in the present case;

(2) The source of the $100 that he posted as his frivolity bond in *Raymond*, No. CV411-193;

(3) The source and amount of the funds that he uses to support his mother;

(4) The source and amount of the funds that he uses for basic living expenses such as food, clothing, shelter, and utilities;

2

(5) Whether he incurred any expenses in registering the copyright for his music and, if so, the source and amount of the funds used to pay those expenses;

(6) Whether he owns an automobile and, if he does not, whether he has regular access to an automobile owned by another (including a rental company);

(7) Whether he possesses a cellular telephone;

(8) Whether he owns a computer;

(9) Whether he owns any audio or video recording equipment;

(10) Whether he has any credit or debit cards; and

(11) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution.

Finally, Robbins must declare the facts he pleads to be true under penalty of perjury. He is instructed to insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).

**SO ORDERED** this 31st day of January, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA