UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KELVIN J. ROBBINS, )
 )
    Plaintiff, )
 )
v. ) Case No. CV412-292
 )
UNIVERSAL MUSIC GROUP, )
UNIVERSAL MOTOWN )
RECORDS, UNIVERSAL )
MOTOWN, and UNIVERSAL )
REPUBLIC RECORDS, )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Kelvin Robbins is a persistent filer of *pro se* complaints in this Court alleging that various individuals and corporations within the rap music industry have misappropriated music that he wrote, recorded, and placed on his personal Myspace page.[1] Because of the frequency and

---

[1] *See Robbins v. Def Jam Records*, No. CV410-208 (S.D. Ga. June 17, 2011) (personal service perfected by marshal, defense counsel obtained, and ultimately dismissed as frivolous); *Robbins v. Universal Motown*, No. CV411-151 (S.D. Ga. June 30, 2011) (dismissed as frivolous at screening; Court imposed $100 frivolity bond that he would forfeit upon the next frivolous suit filed); *Robbins v. The Island Def Jam Music Group*, No. CV411-163 (S.D. Ga. Aug. 1, 2011) (dismissed as frivolous during screening); *Robbins v. Bad Boy Entertainment*, No. CV411-190 (dismissed for failure to post frivolity bond); *Robbins v. Raymond*, No. CV411-193 (S.D. Ga. July 31, 2012) (marshal served upon locatable defendants; case dismissed at summary judgment

baseless nature of these filings, the Court ultimately required Robbins to post a frivolity bond as a condition to filing additional law suits. After Robbins posted such a bond in this case, the Court ordered him to provide additional information about his financial resources so that it could better evaluate his application to proceed *in forma pauperis* ("IFP"). Doc. 4.

Despite his protestations of poverty, Robbins admitted in his response that he owns some professional-grade recording equipment that he uses to produce his music.[2] Doc. 5 at 2. The Court's prior order asked about the source of the $100 frivolity bond that Robbins paid in this and a previous case, as well as the source of any funds incurred in registering

---

since the infringed work sounded nothing like Robbins' "original"); *Robbins v. Universal Motown*, No. CV412-208 (S.D. Ga. Sept. 26, 2012) (case dismissed as frivolous, and frivolity bond forfeited); *Robbins v. Universal Music Group*, No. CV412-314 (S.D. Ga. filed Dec. 20, 2012) (still pending); cf. *Robbins v. City of Savannah*, No. CV411-034 (S.D. Ga. Mar. 21, 2011) (dismissed at screening since action was filed outside of limitations period); *Robbins v. Chatham County Superior Court*, No. CV411-052 (Mar. 28, 2011) (dismissed at screening with strong warning that severe sanctions may follow should he continue filing baseless lawsuits); *Robbins v. Social Security*, No. CV411-035 (S.D. Ga. Apr. 14, 2011) (same); *Robbins v. Roland Corp.*, No. CV411-033 (S.D. Ga. Apr. 25, 2011) (same).

[2] In addition to a custom built computer, Robbins owns a Roland VS 2480 mixer that often sells for over $1,000 on eBay. *See, e.g.*, Roland VS-2480-DVD- 24-Bit Digital Multi-Track Recorder, http://www.ebay.com/itm/Roland-VS-2480-DVD-24-Bit-Digital-Multi-Track-Recorder--/370754287349?pt=US_Pro_Audio_Multi_Track_Recorders&hash=item5652ad76f5 (last visited March 13, 2013).

his music copyrights. Robbins' response makes an interesting admission: that he acquired the necessary funds by selling his food stamps. *Id.* at 1, 2. The sale of food stamps is not only a crime but may constitute a felony offense where the transfer of federal benefits for cash involves a transaction of more than $100. 7 U.S.C. § 2024(b)(1).[3] Robbins cannot use the proceeds of a crime to post a filing bond with this Court.

Robbins' effort to proceed IFP is problematical for another reason, for it appears that he possesses the wherewithal to obtain legitimate funds to pay the $350 filing fee if only he would apply himself. Robbins is only 30 years old, and he regularly visits the federal courthouse in Savannah, where he has spoken on numerous occasions with the docketing clerks and the Chief Deputy Clerk. He does not present as physically disabled, as he ambulates well and exhibits no obvious infirmities. He acknowledges in his papers that he has some technical ability, as he produces his own music and uses a social media site to disseminate it. To the Court's knowledge, there has never been a medical determination that he is incapable of performing work. If Robbins went to work at even a minimum wage salary, he could amass

---

[3] It is recommended that the Court consider referring this matter to the United States Attorney for further investigation and possible prosecution.

3

the necessary funds to pay the entire filing fee within a matter of weeks. He would not require those funds for food and shelter, as he states that he is able to rely upon his mother for his basic needs. That he would prefer to spend his time producing and distributing his music or preparing his numerous complaints seeking to recover billions of dollars from the music industry -- efforts that may be emotionally satisfying but are not financially rewarding -- does not excuse his failure to pay his own way where he has the ability to do so. Unlike a prisoner, Robbins is not constrained from seeking out and finding a job in the community. His failure to do so does not obligate the public to fund his litigation.

The Court's imposition of a filing bond is an appropriate mechanism for reining in an IFP litigant who overburdens the Court with an unending stream of frivolous litigation. *See, e.g., Holden v. Simpson Paper Co.*, 48 F. App'x 917, *3-5 (5th Cir. 2002) (courts may sanction litigants for repeatedly filing frivolous suits and demand that the payment be posted prior to instituting a new lawsuit); *Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990) (imposition of a $10 "sanction" prior to filing a second suit was permissible even if the plaintiff is too poor to pay it; "[l]ike every other pastime, recreational

litigation has its price"); b*ut see Cotner v. Hopkins*, 795 F.2d 900, 903 (10th Cir. 1986) (a court may not impose sanctions that the litigant cannot pay and would result in a total preclusion from filing further suits). Since Robbins admits that he has failed to pay the frivolity bond in this case using legitimate funds, his current $100 bond is forfeited. The Court will not accept its replacement unless the funds come from a "clean" source, such as a gift, inheritance, or income. Any future deposits with the Court must be accompanied by an affidavit explaining their source. Further, since Robbins has failed to post a *valid* filing bond, this case should be dismissed. *See Robbins v. Bad Boy Entertainment*, No. CV411-190 (S.D. Ga. Sept. 8, 2011) (dismissed for failure to post frivolity bond).

This case is further subject to dismissal under Fed. R. Civ. P. 11 because Robbins lied to the Court in his initial IFP application. Therein he stated that he had received no income from any source over the past year and that he supported his mother. Yet he now admits that he has received government benefits that he then illegally converted into cash, and that his mother supports him. Rule 11(b) "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v.*

*Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2013) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Federal Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).[4] Providing false responses to the Court is sanctionable conduct and undermines the administration of justice. In the Court's view, the only sanction that will have any impact upon Robbins is the dismisal of his case.

---

[4] In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962); *Hartline*, 693 F.2d at 1352. While a plaintiff's pro se pleading is entitled to liberal construction, that doctrine presupposes that he was honest and forthright with the Court. *See Morefield v. DuPree*, No. CV605-054 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020 at *1 (S.D. Ga. Mar. 15, 2007) (same).

Ordinarily, the Court would order plaintiff "to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3); *see also Young v. Sec'y Fla. Dep't of Corr.*, 380 F. App'x 939, 941 (due process requires that "the sanctionee have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing"). Robbins is hereby advised that he has an opportunity to demonstrate to the District Judge why his case should not be dismissed for lying to the Court. Any showing that he wishes to make may be set forth in an objection to this Report and Recommendation.

This case should be dismissed because Robbins has failed to post an acceptable filing bond. Alternatively, it should be dismissed because (1) Robbins has failed to show that he qualifies for IFP status, and (2) he lied to the Court.

**SO REPORTED AND RECOMMENDED** this _18Th_ day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA